UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY JAGODA,

    Plaintiff,

v.                                            CASE NO. 8:24-cv-884-CEH-SPF

IDEAL COLLECTION SERVICES,
INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion to Compel Discovery from Defendant Ideal Collections and Strike Second Affirmative Defense (Doc. 57). Defendant filed a response in opposition to the motion (Doc. 58) as well as a supplemental response (Doc. 60). Upon consideration, Plaintiff's motion to compel is granted in part and denied in part.

Plaintiff moves for an order compelling Defendant to answer Plaintiff's interrogatories, respond to Plaintiff's requests for production, and produce its corporate representative for a deposition.[1] Plaintiff served Defendant with his initial discovery requests on December 11, 2024. Defendant's responses to the written discovery requests were due on January 11, 2025, and Defendant failed to timely provide its discovery responses. Counsel then engaged in several conferences and Plaintiff provided multiple extensions to Defendant. On March 26, 2025, the date Plaintiff filed this motion to compel, Defendant had still failed

---

[1] Plaintiff initially requested three depositions: (1) Defendant's corporate representative; (2) Defendant's agent who conducted the tradeline dispute investigation; and (3) Defendant's agent who was personally responsible for the debt collection communications. Because Defendant represented that the same individual would be the deponent for all three depositions, the Court will refer to the deponent as the corporate representative.

to produce the written discovery and had ceased responding to Plaintiff's requests for updates on the outstanding discovery. As a result, Plaintiff filed this motion to compel requesting the production of the outstanding discovery. Plaintiff also requested the following sanctions: the attorney's fees and costs incurred in bringing the motion to compel; that the Court deem any objections to the outstanding discovery waived; and the Court strike Defendant's second affirmative defense. In response, Defendant acknowledges that the outstanding discovery was overdue, agrees to produce its corporate representative for deposition, and requests that the Court limit sanctions to $350.00 in attorney's fees to be paid within seven days of this Order. Defendant's supplemental response further represents that it served the outstanding discovery responses on April 30, 2025.

## ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Discovery under the Federal Rules is governed by the principle of proportionality. Federal Rule of Civil Procedure 26(b)(1) defines the scope of discoverability as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). "A party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig v. Kropp*, No. 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D.

2

Fla. Mar. 1, 2018) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

## I. Written Discovery

Plaintiff's motion requests that Defendant serve its responses to Plaintiff's interrogatories and its responses to Plaintiff's requests for production. Defendant has since provided the requested verified interrogatory responses, the responses to the requests for production, and the responsive documents. As a result, Plaintiff's motion to compel Defendant to produce these items is denied as moot.[2]

## II. Deposition

Plaintiff's motion also requests that the Court compel Defendant to produce its corporate representative for a deposition. In its response, Defendant agrees to produce the deponent (Doc. 58). Thus, Plaintiff's motion to compel Defendant to produce its corporate representative for a deposition is granted. Defendant shall produce its corporate representative for a deposition on or before June 17, 2025.

## III. Sanctions

### a. Attorney's Fees

Plaintiff requests various sanctions against Defendant, including the costs and attorney's fees associated with bringing his motion to compel. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel discovery is granted, or the requested discovery is provided after filing, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making

---

[2] To the extent Defendant's discovery responses are deficient, Plaintiff should—after properly conferring with Defendant—file a new motion to compel addressing those deficiencies.

the motion, including attorney's fees." A court will not order this payment where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). A party's objections to discovery are substantially justified if "reasonable people could differ as to the appropriateness of the contested action." *Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted).

As discussed above, Defendant served the outstanding discovery after Plaintiff filed this motion to compel. Moreover, the Court granted Plaintiff's motion to compel Defendant to produce its corporate representative for a deposition. Thus, Plaintiff is entitled to an award of attorney's fees unless Defendant can establish that Plaintiff filed his motion before attempting in good faith to obtain the disclosure without court intervention, Defendant's delay in production was substantially justified, or other circumstances make an award of expenses unjust. In its response, Defendant suggests that the delay in discovery was a result of (1) its client contact suffering medical issues; and (2) Defendant's counsel acting as a solo practitioner without administrative support. The Court is not persuaded that these circumstances render Defendant's delay substantially justified or make an award of expenses unjust.[3] While the Court may have considered this substantial justification for a short delay, Defendant failed to communicate with or request additional extensions from Plaintiff. Moreover, Defendant did not produce the outstanding discovery until over three months after it was due and still has not produced its corporate representative for a deposition.

---

[3] Indeed, Defendant does not even appear to make this argument, as it simply requests that the Court limit monetary sanctions to $350.00. (Doc. 58 at ¶ 12(d)).

Considering the foregoing, Defendant shall pay Plaintiff's reasonable expenses incurred in bringing his motion to compel. The Court declines to limit this award to $350.00.

### b. Waiver of Objections

Plaintiff also requests that the Court deem any objections to the written discovery as waived. Because Defendant failed to timely serve its discovery responses, any objections to Plaintiff's discovery requests (outside of attorney-client privilege and work product privilege) are deemed waived. *See* Middle District Discovery (2021) at III(A)(6) and IV(B) (absent compelling circumstances, failure to assert objections to a request for production or an interrogatory within the time frame for answers constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel); *see also United States v. Wilkins*, No. 8:14-cv-993-T-17JSS, 2017 WL 4182342, at *1 (M.D. Fla. Sept. 21, 2017) (objections are deemed waived when a party fails to timely object to interrogatories, production requests, or other discovery efforts).

### c. Striking Affirmative Defense

Finally, Plaintiff requests that the Court strike Defendant's Second Affirmative Defense, which states: "any violation of federal or state law was unintentional and the result of bona fide error, notwithstanding reasonable procedures in place to prevent such errors" (Doc. 36 at 23). Plaintiff's discovery requests sought information on Defendant's policies and procedures. Thus, Plaintiff requests that the Court strike this single affirmative defense because it relates to the requested discovery and is entirely reliant on Defendant's own internal policies and procedures. Defendant responds that this is an extreme sanction and that lesser remedies are available to ensure compliance, including an award of attorney's fees.

When a party fails to serve written responses to interrogatories or requests for

5

production, the Court may order various sanctions, including "striking pleadings in whole or in part." Fed. R. Civ. P. 37(d)(1)(ii), 37(d)(1)(3), 37(b)(2)(A)(iii). Here, the Court declines to strike Defendant's second affirmative defense as this sanction is disproportionate to Defendant's discovery violations. While the Court finds Defendant's participation (or lack thereof) in discovery in this case to be extremely concerning, this is the first order compelling Defendant to comply with its obligations. Defendant is warned, however, that further failure to comply with its discovery obligations will result in more severe sanctions.

Accordingly, it is hereby **ORDERED**:

(1) Plaintiff's Motion to Compel Discovery from Defendant Ideal Collections and Strike Second Affirmative Defense (Doc. 57) is **GRANTED IN PART and DENIED IN PART** as set forth herein.

**ORDERED** in Tampa, Florida, May 27, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE